## GRIGGS & VANSYKLE v. DRAKE ET AL., ADMINISTRATORS OF DRAKE.

1. Facts necessarily involved in those stated in the declaration, and which of necessity must have been proved on the trial, implied after verdict.

2. What entry of judgment sufficient, in suit on bond with special condition, under the statute *Rev. Laws*, 305 § 5.

3. The entry of the judgment—the *ideo consideratum est*—being substantially correct, *held*, that it was not vitiated because unnecessarily preceded by copies of the rules from the minutes.

4. *Semble.* That the statute 23 *Hen.* 6 *C.* 9 (*Act of* 1796, *Rev. Laws* 239 § 13), in regard to bail bonds, only extends to obligations given to the Sheriff, and does not affect such as are delivered to the plaintiff, unless taken colorably in order to elude the statute.

5. *Semble.* It is the duty of the attorney, when the clerk is incompetent from want of the requisite skill, to see that a judgment obtained for his client is properly enrolled.

Error to Sussex Circuit Court.

Argued before WHITEHEAD, CARPENTER, and RANDOLPH, JJ.

The declaration set forth a bond given by Aaron H. Griggs and George L. Vansykle to John Drake deceased, the plaintiffs intestate, dated 16th July, 1840, in the sum of $150, with a condition in the words following: " That the said Aaron should personally be and appear before the Judges of the Inferior Court of Common Pleas to be holden, &c. on, &c. then next, and by an order of the said court be discharged from an arrest made on the said 16th day of July aforesaid, of his body by J. B. Esq., Sheriff of said county, upon a process issued from said court, in favor of the said John Drake, and against him the said Aaron and J. L. T. and J. B., by reason of his, the said Aaron's privilege from said arrest, as claimed by him on account, as he the said Aaron said, of his attendance as a suitor before the said court, &c. held on, &c. ; or in case of a refusal of such discharge, he should render himself into the custody of the said Sheriff, upon said process, and thereupon give bond to the said John Drake, according to the laws of this State, passed for the relief of insolvent debtors, and conditioned to apply for the benefit of the insolvent laws of this State, as required in all respects by the statutes of this state in case of insolvency ; or pay the amount of debt and interest that should then be due to the said John Drake, on said process," &c.    It then avers, that on the appearance of the said Aaron, and on his application to be discharged from arrest, by reason of alleged privilege, the said court refused to discharge him, and sets out as breach, that being so refused, he did not surrender himself to the Sheriff and give bond, &c. nor pay the amount of the debt and interest to

the said John Drake, or to the plaintiffs as aforesaid, since his death.

The defendants pleaded *non est factum.* The case was tried on this issue, and the jury rendered a verdict for the plaintiffs, and assessed the damages at $82.56, with six cents cost, &c.

The record, which is drawn in a very inartificial and awkward manner, thus proceeds : " And thereupon the court order judgment for $150, the plaintiff's aforesaid bond, and also $82.56 for the damages, assessed by reason of the detention of said debt, besides costs of suit to be taxed, *nisi,* all on motion of W. A., attorney of plaintiff. Verdict and judgment August 17, 1843.

And now on this day, that is to say, on the fourth Tuesday of May (1844), in the term of May, to which time the defendant had leave to shew cause why the verdict rendered by the jury, &c. should not be set aside, and having failed and neglected to bring on the argument of the above rule as required by the rules of this court, the court thereupon order the said rule to be discharged and dismissed, and final judgment to be entered on said verdict for $150 debt, and $82.56 the damages aforesaid assessed, with costs to be taxed ; on motion, &c.

THEREFORE, *it is considered,* that the said N. D., and T. H. C., administrators as aforesaid, do recover the said debt as aforesaid assessed against the said A. H. G. and A. V. and $38.54 for their costs and charges by them about their suit in that behalf expended, and the Aaron and George in mercy, &c. Judgment signed May 29, 1844."

The errors assigned were,

1. That the bond was void in law, and that no action could be maintained thereon.

2. That the declaration, and the matters therein contained, were not sufficient in law for the maintenance of the action.

*Hornblower,* for plaintiffs in error, said, that although assigned for error, he would not attempt to urge, that the bond on which the action was brought was void. The bond was given to the plaintiff, not to the Sheriff, and therefore does not come within the statute of 23 *Hen.* 6 *C.* 9 (re-enacted in this State *Rev. L.* 239 § 13 ; *Rev. Statutes,* 836 § 15) unless taken colorably in or-

der to elude the statute.   See *Hall* v. *Carter*, 2 *Mod.* 304, 305 ;
*Rogers* v. *Reeves*, 1  *T. R.* 422 ;  *Milward* v. *Clark*, *Cro. Eliz.*
190 ; 2 *Wms. Saund.* 60 *note ; Petersdorf on Bail* 203, 207 ;
(*Law Lib. Ed.*)

But he argued under the general  assignment of errors, that
the judgment was erroneous, because irregularly entered, con-
demning the defendant not only in the amount of the penalty,
but in the damages assessed.    Under the statute *Rev. L.* 305 § 5,
the jury must find a verdict for the plaintiff, with six cents dam-
ages and six cents costs as before, and must also assess the dama-
ges, but the judgment must be entered "as heretofore."    1
*Saund.* 58, *note ;* 2 *Ib.* 187, *note ; Webb* v. *Fish*, 1 *South.* 371 ;
*Smith* v. *Jansen*, 8 *John. R.* 111, 115.   In *Smith* v. *Jansen*, the
court reversed so much of the judgment as related to the dama-
ges assessed, and left it unimpeached as to the debt and the
costs; but it was a procedure unwarranted by the authorities
cited in the opinion of the court.   (3 *Bos. & Pul.* 607 ; 1 *Str.*
188 ; 2 *Ld. Raym.* 893 ; 2 *Ib.* 1534).   It is not two matters in
one judgment, but two distinct judgments which will authorize
a reversal in part.   See, also, *Hay* v. *Imlay, Pen. R.* 833 ; *Bac.
Abr. Error* (*M*) ; *Riggs* v. *Tyson, Coxe* 34 ; *Jackson* v. *Commw.*
2 *Bing.* 79.

The judgment cannot be amended after the term.   It is signed
and recorded, which, under our statute comes in the place of en-
rolment at common law.    *Ford, J. ;* 1 *Har. R.* 318 ; 4 *Halst.*
248.

He suggested whether the declaration was not insufficient.   It
does not say what process, or how much due.

*D. Haines* and *Vroom* contra.   There is no defect in the dec-
laration ; at any rate, none but what is cured by verdict.   *Tidd*
505.

The judgment is substantially correct, and is not vitiated by
the copies of the entries which have been sent up.   The word
" assessed," is mere surplusage.   The judgment in terms refers
to the debt and not to the damages.

But if questionable, not being assigned for error, the court
would suspend judgment, to give time to the court below to
amend.   It is, if any, a mere clerical error, and amendable.   1
*South.* 374 ; 5 *Halst.* 222 ; 2 *Pen. R.* 1023.

Griggs v. Drake.

CARPENTER, J. delivered the opinion of the court.

If any error exists in the declaration, it is but one of those defective statements of the ground of action, which are aided after verdict. 1 *Saund.* 228, *note* 1; 1 *T. R.* 141; 1 *Har. R.* 136; *Tidd* 826 (*Riley's Ed.* 1807). The character of the process, and the amount due thereon, were facts necessarily involved in those stated in the declaration, and of necessity must have been proved by the plaintiff on the trial.

But in regard to the principal objection, we are of opinion that the judgment can be supported without any inquiry as to some of the topics so elaborately discussed by the counsel of the plaintiffs in error. The record is undoubtedly drawn in a very inartificial manner, and is very improperly encumbered with copies of the original entries in the book of minutes. The case before us is so striking an instance of the want of skill of many of those entrusted with the duty of enrolling or recording the judgments of our courts as to suggest the inquiry whether the attorney of the plaintiff fully performs his duty to his client, who, when skill is required, does not see to it, that the judgment is properly made up. Certainly, a client whose judgment should be reversed for error in entering the same on the record, would have just cause of complaint against his attorney. A former learned Chief Justice long since said, that the laxity which then prevailed in some of our proceedings, and the consequent mischiefs to be apprehended, called loudly for correction. (Ewing, C. J. in *McCourry* v. *Suydam*, 5 *Halst.* 249). This laxity still prevails, and I feel it my duty to call attention to the consequences that occasionally may possibly be the result. (See also the remarks of Hornblower, C. J. in *Thorpe* v. *Corwin*, 1 *Spenc. R.* 319, 320. In that case the judgment was reversed, among other reasons, because of the erroneous entry.) But the entry of the judgment in this case—the *ideo consideratum est*—if not in strictly technical form, is yet substantially correct. It is a judgment for the debt as demanded by the plaintiff in the declaration. The words " *as aforesaid assessed,*" may be rejected as unmeaning, and as surplusage. We do not think the

judgment is vitiated by the copies of the rules from the minutes which precede the entry.

Judgment affirmed.